UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MASSACHUSETTS BAY INSURANCE CO**<br><br>**Plaintiff;**<br><br>*Versus*<br><br>**DORIS USIE,** *et al,* | CIVIL ACTION NO.  6:17-CV-01600-<br><br>UDJ-CBW<br><br>UNASSIGNED DISTRICT JUDGE |

<u>DEFENDANT DORIS USIE'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE
FEDERAL RULES OF CIVIL PROCEDURE</u>

**I.    BACKGROUND:**

The underlying controversy upon which this suit is predicated, is between <u>two Louisiana citizens</u>, Doris Usie and Royer Mobile Homes of Opelousas Inc ("Royer").

Doris Usie purchased a mobile home from Royer. She subsequently began experiencing serious health problems. She then discovered that her mobile home had been designed, constructed, and/or installed, such that it was allowing water to infiltrate its walls and cause severe property damage and mold infestation. Ms. Usie had her home repaired and began receiving medical treatment for her mold sickness. Ms. Usie's health slowly began to improve. Ms. Usie then filed a suit against Royer and the manufacturer of her home in Louisiana State Court for damages in redhibition, including property damages, economic damages, and attorney's fees; as

1

well as for damages in tort for her personal injuries, past and ongoing medical treatment, and lost wages.

In the state court suit, Royer and the manufacturer unsuccessfully argued that an alleged arbitration agreement prevented Ms. Usie's state court action.  All appeals were exhausted on that issue recently, and now the state court suit is for the first time in a posture to *begin* the discovery process on the merits of Ms. Usie's claims. While Massachusetts Bay Insurance Company ("MBIC") has not yet been directly named as a defendant in the underlying state court suit, it has retained counsel on behalf of Royer and has been providing a defense to Royer in state court, recognizing their role as a *defacto* defendant in that litigation.

It was against that backdrop that MBIC decided to file the instant suit against Ms. Usie and Royer in a federal court venue. MBIC, apparently dissatisfied with its readily available coverage defenses and remedies in the state court action, decided to petition this Honorable Court for declaratory relief; particularly, a determination of *potential* coverage under the general liability insurance policy that it issued to Royer.  MBIC seeks to pull and sever this singular issue from the state court's jurisdiction and have it placed before this Honorable Court for a decision, in a venue which MBIC obviously regards as more favorable to its own ends than the state court venue where it has been an active participant for the last 2 ½ years.

Without getting into arguments on the merits of MBIC's coverage allegations (of which there are many), Doris Usie submits that on procedural grounds alone MBIC's complaint must be dismissed.

## II. LAW & ARGUMENT

In order for an insurer to bring a declaratory action in federal court there must be diversity jurisdiction under 28 U.S.C. § 1332.  And of course, any such claim must also properly state a claim for which relief may be granted and cannot be premature. But even assuming proper jurisdiction and a properly made claim, due to the nature of the federal declaratory remedy and principles of comity, an insurer's complaint may still be deemed improper in the federal venue and dismissed pursuant to the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C § 2201 *et seq.*. FDJA makes jurisdiction over declaratory actions brought in federal court wholly *discretionary*. The exercise of that discretionary jurisdiction hinges on several attendant factors.

### A.     FDJA Jurisdiction is Lacking and/or Inappropriate.

"A district court's discretion in choosing whether to hear a declaratory action is 'broad.' *Torch, Inc. v. LeBlanc,* 947 F.2d 193, 194 (5th Cir. 1991).  A district court may consider a variety of factors in determining whether to decide a declaratory judgment suit. For example, declaratory judgment relief may be denied [i] because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, [ii] because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, [iii] because of possible inequities in permitting the plaintiff to gain precedence in time and forum or [iv] because of inconvenience to the parties or the witnesses. *Id.* (quoting *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 29 (5th Cir. 1989)."

*Exxon Mobil Corporation v. Turner Industries Group LLC*,  339 Fed. Appx. 441 (5th Cir. 2009).

"The *Torch* factors, however, are illustrative and non-exhaustive." *Id.*  Courts also consider

such things as the dependence of the claims upon substantial issues of state law, and whether the proposed claims are ripe for resolution. *Id.* In that vein, actions under FDJA **must** be "justiciable" inasmuch as 28 U.S.C. § 2201 requires there to be an "actual controversy" before a federal district court may exercise its discretionary jurisdiction over a declaratory action. *See, Rowan Companies, Inc., supra.*

> "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."
>
> *Id.*

In the instant case, as noted, there is already pending state court litigation in which the issues raised by MBIC may be fully litigated. This fact militates against FDJA jurisdiction as per prong [i] of the *Torch* factors cited *supra*. Further, this fact also strongly evinces that forum shopping is being undertaken by MBIC. To be sure, MBIC has defended the state court action now for 2 ½ years. And only upon recently learning that the matter will be litigated in a state court forum (instead of before an arbitration panel), MBIC suddenly decides to file the instant claim seeking declaratory relief in a separate federal forum. This forum shopping also militates against FDJA jurisdiction as per prong [ii] of the *Torch* factors. But perhaps the most pertinent consideration in determining whether this Court should or *even* could exercise its discretionary jurisdiction in this instance is the fact that this matter is currently not factually ripe or justiciable.

Where a matter is not justiciable, the discretionary jurisdiction of 28 U.S.C. § 2201 is unavailable to federal courts. *See, Rowan, supra*.

As noted, the discovery process on the merits of this case has only just begun in state court. There are substantial issues of fact as well as issues of state law that must be resolved before any actual determination of coverage under the subject policy can be had. These factual and legal determinations are inextricably linked to and inseverably entangled with any issues of coverage under the subject policy. All of these issues must be resolved before any kind of intelligible judgment can be rendered on the issue of coverage.

Just as in the factually similar case of *Exxon Mobil Corporation, supra,* the claims made in MBIC's complaint are not ripe or justiciable. That is, the subject insurance policy only provides coverage for obligations that the insured becomes "legally obligated to pay." No one knows what the insured will become legally obligated to pay (if anything) until the underlying litigation has concluded. A legal determination of coverage cannot be made by guessing or speculating as to which of the exponentially many possible factual findings will ultimately result from this litigation. To do so would require the Court to entertain a controversy that is hypothetical or abstract, and to craft "an opinion advising what the law would be upon a hypothetical state of facts." *Rowan, supra*. In such instances the exercise of the discretionary jurisdiction authorized by 28 U.S.C. § 2201 is expressly prohibited. *Id.*

Finally, the most appropriate and obviously convenient forum for litigating these issues is in the state court where all of the factual evidence and testimony will be deduced, developed, and decided. The fact that a separate federal forum for declaratory relief would be inconvenient and burdensome to witnesses and the parties who are already litigating in state court *also* militates against FDJA jurisdiction as per prong [iv] of the *Torch* factors cited *supra.* And as noted in *Exxon*

5

*Mobil Corporation, supra,* where there are substantial issues of state law and factual determinations to be made upon which any declaratory judgment would ultimately need to be predicated, then discretionary jurisdiction under FDJA is inappropriate.

Therefore, given: (1) that this matter was filed subsequent to a long pending state court action that MBIC has defended, and where MBIC could have availed itself of the very same remedies it seeks here; and (2) that MBIC is clearly attempting to forum shop; and (3) that the forum that MBIC is attempting to choose is inconvenient for the resolution of these issues given the state court action where all evidence and witness testimony will be deduced, and where the issues of state law will be resolved; and (4) that the matters raised by MBIC's claim are premature, ripe, and indeterminable; and (5) that MBIC's complaint does not present an actual controversy, is not justiciable, and is instead predicated on mere hypotheticals and conjecture; jurisdiction under FDJA must be denied and MBIC's complaint must be dismissed.

### B. <u>Diversity Jurisdiction is Lacking.</u>

In order for there to be diversity jurisdiction in federal court, there must be complete diversity of citizenship between the adverse parties, and the amount in controversy must be $75,000.00 or greater. 28 U.S.C. § 1332.

#### 1. <u>Amount in controversy requirement is not met</u>.

As discussed above, there is no "actual controversy" in this case, so there can be no "amount" attributable to a controversy that does not exist. The instant action is not justiciable. Further, in a declaratory action the amount in controversy must be proved out through evidence since no monetary relief is actually prayed for. *See, e.g., Statin v. Deutsche Bank National Trust Co., et al*, No. 14-20200 (5th Cir. 2014).

At the outset, it should be noted that MBIC has no controversy at all with Doris Usie and it is questionable whether she is even a proper party here. To be sure, Doris Usie's controversy is with Royer, another Louisiana citizen; and that controversy is currently pending in a Louisiana state court. Therefore, there is no actual amount in controversy between MBIC and Doris Usie. Alternatively, any ancillary controversy that could be construed as between Doris Usie and MBIC is currently pending in state court indirectly through MBIC's insured, Royer. That being the case, the only dollar amounts in controversy between Doris Usie and any party to this complaint are those that are pending in state court. Thus, it would be impossible for those same dollar amounts to also be in controversy in the instant federal court matter.  This means that the parties' rights, primarily MBIC's and Royer's, are the only things that could ever fairly be characterized as "in controversy" in a complaint such as that filed by MBIC in the given context.  The value of those rights, whatever they might be, must necessarily exclude the amount in controversy pending in state court.  And it is dubious as to whether that amount would ever nearly approach the $75,000.00 threshold.

*Afortiori*, even if the total amount in controversy in state court *were* considered in determining whether diversity jurisdiction existed, that amount would be substantially tailored in scope by the ultimate coverage afforded under the subject insurance policy. That is, the policy at the end of the day may only cover the cost of defense; it may only cover attorney's fees; it may cover certain property damages and not others; it may cover property damages, but not damages for personal injuries; *etc*. To be sure, it may cover only a tiny sliver of any potential judgment ultimately awarded. At this juncture, it simply cannot be shown that the amount in controversy requirement is met and that diversity jurisdiction is proper. Again, this is fundamentally due to the fact that the factual basis needed to make these determinations simply does not exist.

Therefore, since there is currently no provable or ascertainable amounts in controversy; or alternatively, since the value of anything that could fairly be alleged to be in controversy in federal court does not nearly approach $75,000.00, diversity jurisdiction is lacking and this matter must be dismissed.

### 2. **Complete diversity among the parties does not exist.**

The primary controversy upon which MBIC's complaint is predicated is between Doris Usie, a Louisiana citizen, and Royer, a Louisiana citizen. MBIC tries to mask this lack of diversity by naming both of the Louisiana parties as defendants at the outset. If MBIC had sued Royer alone, and Doris Usie had intervened as a Plaintiff against both parties, it would have destroyed diversity. The same would apply if Doris Usie were to assert a cross-claim against Royer in the instant action. Similarly, if Plaintiff were to name MBIC a defendant in the underlying state court action pursuant to Louisiana's direct-action statute, MBIC would not be able to remove the action, again because of the lack of diversity between Doris Usie and Royer. Indeed, it seems that MBIC has formulated the only possible arrangement of the parties that would allow it to claim complete diversity on the face of its complaint, thereby gaining access to the federal forum of its choosing.

However, given that MBIC's complaint is in actuality primarily predicated upon a controversy between two Louisiana citizens, and that if either of them attempted to assert any rights against the other in this matter it would reveal the actual lack of diversity between the true adverse parties to this dispute, it is apparent that complete diversity of citizenship is lacking. Thus, since complete diversity is lacking among the parties, diversity jurisdiction does not exist and MBIC's complaint must be dismissed.

      **C.**      **This Matter is Premature and/or Not Ripe or Justiciable.**

MBIC's complaint fails to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). As noted in Section A. above, the action brought by MBIC seeks a determination of rights under an insurance contract, which in turn depends on factual and legal determinations that do not yet exist.

The fact that the claims presented in MBIC's complaint are nonjusticiable is being reiterated here as an independent ground for dismissal under Rule 12(b)(6), irrespective of any determination ultimately reached by the Court regarding Doris Usie's jurisdictional challenges under Rule 12(b)(1). Ms. Usie defers to her arguments made in previous sections regarding the ripeness and justiciability of MBIC's claims.

Since MBIC's claims are premature, not ripe for resolution, and are nonjusticiable, MBIC's complaint fails to state a claim upon which relief can be granted and it must be accordingly dismissed pursuant to FED. R. CIV. P. 12(b)(6).

**III.**    **CONCLUSION**

Given that this matter is inappropriate for this Honorable Court's exercise of the discretionary jurisdiction provided under 28 U.S.C. § 2201, or alternatively since that discretionary jurisdiction is unavailable for the nonjusticiable claims presented; and since diversity jurisdiction is also lacking; and since the claims brought by MBIC are premature, not ripe for resolution, and are nonjusticiable, MBIC's complaint must be dismissed pursuant to Rules 12(b)(1) and/or 12(b)(6).

Respectfully Submitted,

**SOILEAU & SOILEAU**

/s/Jacques P. Soileau
JACQUES P. SOILEAU (#29677)
1454 E. Bridge Street
P.O. Box 344
Breaux Bridge, LA 70517
(337) 332-4561
*Counsel for Defendant Doris Usie*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of January, 2018, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Jacques P. Soileau
JACQUES P. SOILEAU