# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Massachusetts Bay Ins Co                    Civil Action No. 17-01600

versus                                       Unassigned District Judge

Usie, et al                            Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the Court is Defendant Doris Usie's ("Usie") Motion To Dismiss Pursuant to F.R.C.P. Rules 12(b)(1) and 12 (b)(6) [Rec. Doc. 12] and Plaintiff, Massachusetts Bay Insurance Company's ("Massachusetts Bay") Opposition [Rec. Doc. 14]. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons set forth below, the undersigned recommends that the motion be denied.

### I. Background

This declaratory judgment action filed by Massachusetts Bay arises out of an underlying action filed in Louisiana state court by Usie against Royer Mobile Homes of Opelousas, Inc. ("Royer"), *Doris H. Usie v. Sunshine Homes, Inc. and Royer Mobile Homes of Opelousas, Inc*., No. 82841, 16th Judicial District Court for the Parish of St. Martin, State of Louisiana ("the underlying action"). *R. 1-3.* In the

underlying action Usie alleges the design and construction of the mobile home she purchased from Royer allowed water to infiltrate its walls and cause mold infestation which in turn caused her to suffer "mold sickness." She filed suit against Royer and the manufacturer[1] for damages in redhibition and in tort.

In the case at bar, Massachusetts Bay seeks Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure against defendants, Usie and Royer, regarding the parties' respective rights and obligations under a certain policy of insurance issued by Massachusetts Bay to Royer as the named insured, specifically, Policy No. LDS 8888387 ("the Policy"). *R. 1-2*. Massachusetts Bay seeks a judgment declaring that it has no duty to provide coverage, and no duty to defend or indemnify Royer, under the Policy with respect to the claims asserted by Usie against Royer in her Petition for Damages in the underlying state court litigation.

## II. The Parties' Contentions

Usie filed this motion seeking dismissal on three grounds: (1) pursuant to Rule 12(b)(1), based on lack of diversity jurisdiction, claiming the amount in controversy is not met and the parties are not truly diverse; (2) pursuant to Rule 12(b)(6), on the

---

[1] Massachusetts Bay's Declaratory Judgment Action does not involve the mobile home manufacturer, Sunshine Homes, Inc.

ground that Massachusetts Bay's claims are not ripe for resolution since the underlying liability action has not proceeded to judgment; and (3) even if the Court has subject matter jurisdiction and the coverage issues are ripe for adjudication, the Court should nevertheless abstain from hearing the action in deference to the pending state court liability action.

Massachusetts Bay refutes Usie's arguments as to diversity of the parties and amount in controversy contending that Usie alleges more than $200,000 in damages and Massachusetts Bay and defendants are citizens of different states. Massachusetts also refutes lack of justiciability asserting the United States Supreme Court has resolved the issue in favor of the insurer, in this case Massachusetts Bay. As to Usie's contention that the Court should abstain from hearing this action in deference to the pending state court action, Massachusetts Bay contends that all of the factors in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994) weigh in favor of this Court maintaining the declaratory judgment action.

### III. Law and Analysis

The Declaratory Judgment Act, at 28 U.S.C. § 2201(a), provides that

... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

3

The Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). When "considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether the declaratory action is justiciable. Or, in other words, whether an "actual controversy" exists between the parties to the action. *Id*. Second, if the court has jurisdiction, it must determine whether it has the "authority" to grant declaratory relief. *Id*. Finally, the court must determine whether to exercise its discretion to decide or dismiss the declaratory action. *Id*. The Court will address the foregoing issues in turn.

*A. Amount in Controversy*

Usie contends, without support, that jurisdiction is lacking because the amount in controversy is not met. "[T]here is no actual amount in controversy between [Massachusetts Bay] and Doris Usie," and it would be "impossible" for the dollar amounts in controversy between Usie and Royer in the state court suit "to also be in controversy in the instant federal court matter." *R. 12, p. 7.*

The Fifth Circuit jurisprudence is clear that, in a declaratory judgment action, the amount in controversy is measured by the value of the underlying claim. *See Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (explaining

4

that in declaratory judgment cases that involve the question of whether an insurance policy applies to a particular loss, the amount in controversy is determined by the value of the underlying claim against the insured); *Great American Ins. Co. of New York v. L.D. Marine, LLC*, 2009 WL 2019994 at *2 (W.D. La. 2009) ("In declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim.").

Usie's state court petition in the underlying suit provides that she seeks to recover the $39,500 purchase price of her manufactured home, *R. 1-3, ¶¶ 6, 44,* $15,000 in repair expenses, *Id. ¶¶ 26, 43,* $100,000 in medical expenses, *Id. ¶¶ 27, 43,* $51,000 per year in lost income, *Id. ¶¶ 28, 43,* as well as unspecified damages for loss of use and inconvenience, pain, and suffering. *Id. ¶ 44.* Thus, Usie alleges over $200,000 in damages.[2] Because the amount in controversy is facially apparent from Usie's underlying petition, the Court finds that the value of the claims at issue exceed $75,000. *See First Specialty Ins. Co. v. Arkel Sugar, Inc.*, 2008 WL 762079 (W.D. La. 2008) (in insurer's declaratory judgment action against policyholder and underlying state court plaintiff, court found that it need not consider summary judgment-type

---

[2] Additionally, the Policy Massachusetts Bay issued to Royer has a $1,000,000 each occurrence limit. *R. 1-2, p. 7.*

evidence because the requisite amount in controversy was facially apparent from underlying petition); *Petrohawk Energy Corp. v. Raceland Raw Sugar Corp.*, 2007 WL 1551061 (E.D. La. 2007) (denying defendant's Rule 12(b)(1) motion to dismiss declaratory judgment action, finding it facially apparent that value of claims at issue exceeded $75,000).

## B. Diversity of Citizenship

Usie argues that the parties are not diverse because the real controversy is between Usie and Royer, who are both Louisiana citizens. Here, the record establishes that Plaintiff, Massachusetts Bay, is a Connecticut corporation with its principal place of business in Connecticut. *R. 1, ¶1*. Defendant, Usie, is an individual domiciled in Louisiana, *R. 1-3*, and Defendant, Royer, is a Louisiana corporation with its principal place of business in Louisiana. *Id. at ¶ 2.* As Plaintiff and Defendants are not citizens of the same state, complete diversity exists between them. *See First Specialty Ins. Co. v. Arkel Sugar, Inc., et al.,* 2008 WL 762079 (W.D. La. 2008) (exercising diversity jurisdiction over declaratory judgment action filed by out-of-state insurer against Louisiana policyholder and Louisiana state-court plaintiff); *Continental Cas. Co. v. Smith, et al.*, 243 F.Supp.2d 576 (E.D. La. 2003) (diversity jurisdiction existed in foreign insurer's declaratory judgment action against policyholder and claimant, both Louisiana citizens).

Thus, complete diversity jurisdiction over the Declaratory Judgment action exists in this case.

*C. Justiciability (Ripeness)*

Usie contends the Policy only provides coverage for obligations that Royer becomes "legally obligated to pay," and Royer has not yet become legally obligated to pay anything to Usie in the underlying suit. Thus, it argues, any ruling on the issue of coverage would essentially be an advisory opinion since Usie has not taken a judgment against Royer in the underlying suit. The Supreme Court holds otherwise.

In *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941), the insurer filed a federal declaratory judgment action against its policyholder and the underlying state-court plaintiff, seeking a ruling that the insurer had no duty to defend or indemnify its policyholder or provide coverage for any award issued in favor of the underlying plaintiff. The underlying plaintiff argued that the insurer's complaint failed to state a cause of action against him because there was no "actual controversy" between them. More specifically, the underlying plaintiff argued that no controversy could exist between him the insurance company until he had actually obtained a judgment against the insured. The Court disagreed, stating,

> It is clear that there is an actual controversy between petitioner and [the underlying plaintiff]. If we held contrariwise as to [the underlying plaintiff] ... it is possible that opposite interpretations of the policy might

be announced by federal and state courts . . . . Thus, we hold that there is an actual controversy between petitioner and [the underlying plaintiff], and hence, that petitioner's complaint states a cause of action against the latter."

*Id*. at 274. *See also, American States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) ("An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment.").[3]

Based on the foregoing jurisprudence, there is no question that the dispute at issue is an actual controversy such that justiciability is satisfied.

*D. Discretion*

Usie argues that the Federal Declaratory Judgment Act makes jurisdiction over declaratory actions wholly discretionary, and urges the Court to abstain from considering this action. When regarding possible dismissal of a declaratory action a court must evaluate how to exercise its discretion to decide or dismiss the case. The Fifth Circuit has identified the following seven nonexclusive factors to consider when making this determination: (1) whether there is a pending state action in which all of

_____

[3] The Court notes that Usie's reliance on *Exxon Mobil Corp. v. Turner Industries Group LLC,*, 339 Fed. Appx. 441, 442 (5th Cir. 2009) on the issue of justiciability is misplaced. There, the court found that the questions of contractual defense and indemnity involved the Louisiana Oilfield Indemnification Act ("LOAIA"), and "the Louisiana Supreme Court has specifically held that whether an oil-company indemnitee is free from fault and thus outside the scope of the LOAIA can only be determined after a trial on the merits." *Id.* The LOAIA does not apply in this case.

the matters in controversy may be fully litigated;  (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;  (3) whether the plaintiff engaged in forum shopping in bringing the suit;  (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir.1994)).

1.    *Trejo Factor 1– Whether there is a pending state action in which all of the matters in controversy may be fully litigated*

The existence of a related state court proceeding does not  require dismissal of a  federal declaratory judgment action. *Sherwin-Williams  Co.  v. Holmes County*, 343 F.3d 383, 394 (5th Cir. 2003) ("The lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action.").

Here, Massachusetts Bay is not a party in the underlying proceeding against

Royer, and that suit does not encompass the coverage issues presented in this declaratory judgment action. In *AXA Re Property & Cas. Ins. Co. v. Day*, 162 Fed. Appx. 316 (5th Cir. 2006), the Fifth Circuit addressed a similar situation. There, the underlying plaintiff filed suit against the tortfeasor's estate in Louisiana state court, but did not name the tortfeasor's liability insurer as a defendant. As in this case, the insurer thereafter filed a federal declaratory judgment action, seeking a declaration that it was not required to defend the tortfeasor or provide indemnity for any award in favor of the underlying plaintiff. The district court denied the underlying plaintiff's motion to dismiss the declaratory judgment action. The Fifth Circuit affirmed holding that district court properly exercised jurisdiction over the declaratory judgment action because the underlying plaintiff had not previously filed a claim against the insurer in the state court suit.  The court stated, "[B]ecause [the insurer] is not a party to the [state court] action, the court correctly concluded no pending state action exists where all the matters in controversy could be fully litigated." *Id*. at 320. Further, the Court opined, "The state-court action concerns whether [the insured tortfeasor] is liable for [the underlying plaintiff's] death, which is wholly distinct from the issue in this action: whether the [insurer's] policy provides coverage and a corresponding duty to defend and/or indemnify [the insured tortfeasor's] estate." *Id*.

*2. Trejo Factors 2,3, and 4—The Fairness Factors*

The next three *Trejo* factors address the fairness concerns related to forum selection. Although the Fifth Circuit has not traditionally favored anticipatory declaratory judgment suits based on forum shopping, the *Sherwin-Williams* court explained, "A proper purpose of [the Declaratory Judgment Act] is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires" *Sherwin-Williams*, 343 F.3d at 397. Other proper reasons for filing declaratory judgment actions include avoiding multiple suits involving the same issues, *Sherwin-Williams*, 343 F.3d at 398-99 (citing *Travelers Insurance Company v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 776-77, 779 (5th Cir.1993)), and choosing one forum over another where the difference in forum does not affect the law that applies to the case. *Id.* at 399. Improper reasons for bringing declaratory judgment actions include "subverting the real plaintiff's advantage in state court," *Travelers*, 996 F.2d at 777; bringing a declaratory judgment action when the declaratory judgment defendants had been restricted from filing state court actions, *Sherwin-Williams*, 343 F.3d at 397 n. 7, 399; and choosing one forum over another where the difference in forum changes the law that applies to the case. *Id.* at 397 (citing *Mission Insurance Company v. Puritan Fashions Corporation*, 706 F.2d 599, 602 (5th Cir.1983)).

11

a.    *Whether plaintiff filed suit in anticipation of a lawsuit by the defendant*

The Fifth Circuit has recognized that a proper purpose of the Declaratory Judgment Act is to enable potential defendants to resolve disputes without having to wait to be sued. *See Sherwin-Williams at* 397 ("A proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued," and "[t]he mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court.").

Massachusetts Bay has not been named as a defendant in the underlying state court suit filed on June 26, 2015. While Usie could have amended her state court petition at any time during the past 2 ½ years to add Massachusetts Bay as a defendant, she chose not to do so. Under these circumstances, courts have held that an insurer's declaratory judgment suit was not filed in anticipation of a lawsuit by the defendant/underlying plaintiff. *See Day*, 162 Fed. Appx. 316 (5th Cir. 2006) (finding insurer's declaratory judgment action, filed seven months after underlying plaintiff's state court suit against insured, was filed in response to, rather than in anticipation of, an action filed by the underlying plaintiff); *Fed. Ins. Co.   v. Southwest Materials, Inc.*, 2003 WL 21634945 at *3 (E.D. La. 2003) (finding

insurer's declaratory judgment action was not filed in anticipation of litigation where state court suit had been pending for more than a year and insurer had not been named); *Nautilus Ins. Co. v. Curtis Industrial Painting Co.*, 1998 WL 199372 (E.D. La. 1998) (declaratory judgment action, initiated by insurer more than two years after state court personal injury suits were filed against insured, was not filed in anticipation of a lawsuit by underlying plaintiffs). Factor two weighs in favor of retaining jurisdiction.

  b. *Whether plaintiff engaged in forum shopping in bringing the suit*

Courts in the Fifth Circuit have identified two circumstances that may qualify as improper forum shopping: (1) filing a declaratory judgment action in a federal court that will apply different choice of law rules, and thus, different substantive law, than the state court; and (2) filing a federal declaratory judgment action when the declaratory judgment defendant is unable to bring a state court action of its own because it has not yet exhausted its state administrative remedies. *Canal Ins. Co. v. XMEX Transport, LLC*, 1 F.Supp.3d 516, 528 (W.D. Tex. 2014). *See also, Sherwin-Williams*, 343 F.3d at 399(finding declaratory judgment action did not amount to improper forum shopping where "[t]he selection of the federal forum in this case did not change the law that would apply" and "there was no evidence that the declaratory judgment defendants had been restricted from filing state court

actions"); ; *Day*, 162 Fed. Appx. at 320-21 (5th Cir. 2006) ("[A] court is more likely to find a plaintiff engaged in impermissible forum shopping where the federal action would change the applicable law."); *Aries Marine Corp. v. Lolly*, 2006 WL 681184 at *3 (W.D. La. 2006) (explaining that an improper reason for bringing a declaratory judgment action would be choosing one forum over another where the difference in forum changes the law that applies to the case).

Here, Louisiana law will govern interpretation of the Policy regardless of whether the coverage issues are decided in federal or state court. Further, Usie did not have to exhaust any state administrative remedies, and could have brought suit against Massachusetts Bay at any time during the past 2 ½ years. Therefore, this factor weighs in favor of retaining jurisdiction.

      c.    *Whether possible inequities exist in allowing the declaratory judgment plaintiff to gain precedence in time or change forums*

Similar to factor three, this fairness factor analyzes whether Massachusetts Bay has gained some sort of inequitable advantage by filing in federal court, such as application of the law of another state. *See e.g., Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983) (finding that declaratory judgment plaintiff had inequitably gained precedence in time by filing a suit in Texas where a related proceeding existed in California and the law of California and Texas differed). Again,

Louisiana law will govern regardless of whether the question of coverage for Usie's claims against Royer is litigated in this forum or state court, and Massachusetts Bay has not gained any unfair advantage by filing suit in this forum. This factor weighs in favor of retaining jurisdiction over this declaratory judgment action.

### 3. *Trejo Factors 5 and 6—The Efficiency Factors*

The fifth and sixth *Trejo* factors address efficiency—whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy-primarily address efficiency considerations. "A federal district court should avoid duplicative or piecemeal litigation where possible. A federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts. Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." *Sherwin-Williams*, 343 F.3d at 391.

### a.    *Whether the federal court is a convenient forum*

The United States District Court for the Western District of Louisiana and the Sixteenth Judicial District for St. Martin Parish are equally convenient forums as the two courthouses are only twenty miles apart. In fact, this Court is closer for Usie and

her counsel in Breaux Bridge and also closer for Royer and its counsel, in Opelousas. Thus, there is no inconvenience to Usie by having to litigate in this forum. See *Nautilus Ins. Co. v. Curtis Indus. Painting Co., Inc*., 1998 WL 199372 at *3 (E.D. La. 1998) (finding "this Court is equally convenient –if not better suited –for the parties and the witnesses").

Moreover, the coverage issues can likely be resolved by this Court in the context of cross-motions for summary judgment on the documents alone, without the necessity for witness travel. *See Federal Insurance Co. v. Southwest Materials, Inc*., 2003 WL 21634945 at *4 (E.D. La. 2003) (the suit involving litigation of insurance coverage issues, could be resolved based upon the pleadings and documents submitted to the court and no trial requiring the attendance of out-of-town parties would be necessary). This factor also weighs in favor of retaining jurisdiction.

> b.    *Whether retaining the action would serve the purposes of judicial economy*

As Massachusetts Bay is not a party to the underlying state court suit, dismissing this action would require Massachusetts Bay to start anew in state court, which would not serve the purposes of judicial economy. *See e.g. Day*, 162 Fed. Appx. at 321 ("judicial economy is not contravened by retaining the action

because no other proceeding is able to consider the coverage dispute; again, [the insurer] is not a party to the [state court] litigation."); *Hudson Specialty Ins. Co. v. King Investments of Louisiana, Inc.,* 2014 WL 108402 *4 (E.D. La. 2014) (judicial economy would not be served by dismissing declaratory judgment action because insurer was not a party to the state court suit so there was no other proceeding to consider the coverage dispute).

In *Nautilus Ins. Co. v. Curtis Indus. Painting Co.*, 1998 WL 199372 (E.D. La. 1998), the court found that retaining jurisdiction over a declaratory judgment action to resolve the insurance coverage issues, despite the fact that personal injury claims were pending in state court, would serve the purposes of judicial economy, explaining:

> The Court finds that it is in the parties' best interests to have this coverage dispute resolved sooner rather than later. As many courts have acknowledged, '[t]he respective interests and obligations of insured and insurers, when disputed, require[s] determination much in advance of judgment [against the insured] since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement.... To delay [resolution of the coverage controversy] would prevent the litigants from shaping a settlement strategy and thereby avoiding unnecessary costs.' Thus, concerns for judicial economy militate against the dismissal of Nautilus' declaratory judgment action.

Id. at *3

As previously noted, the coverage issue can be resolved via summary judgment

based on the documents attached to the Complaint –Usie's petition and the policy. Thus, maintaining the declaratory judgment action will provide the most expedient resolution regarding the coverage issue. *See Southwest Materials* at *4 (judicial economy weighed in favor of exercising jurisdiction where coverage is sue could be resolved via summary judgment).

4.    *Trejo Factor 7 – Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by a court before whom a parallel state suit between the same parties is pending*

As the Fifth Circuit determined in *Day,* because Massachusetts Bay is not a party to the Louisiana proceeding, and because any ruling by the Louisiana court will relate to Royer's liability, the pending disposition of the Louisiana action is not relevant to this action. *Day*, 162 Fed. Appx. at 321. *See also, Canal Ins.  Co.*, 1 F.Supp.3d at 527 (finding this factor weighed in favor of maintaining jurisdiction because insurer was not a party to the state court suit so the state court suit was not parallel). Thus, the final *Trejo* factor weighs strongly in  favor  of maintaining the declaratory judgment action.

### *IV.  Conclusion*

For the reasons stated above, the undersigned recommends that Defendant Doris Usie's  Motion To Dismiss Pursuant to F.R.C.P. Rules 12(b)(1) and 12 (b)(6)

[Rec. Doc. 12] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 26th day of March, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE